# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3523

_____

United States of America,     *
     *
     Appellee,     *
     *    Appeal from the United States
     v.     *    District Court for the Eastern
     *    District of Arkansas.
Leon Nash,     *
     *    [UNPUBLISHED]
     Appellant.     *

_____

Submitted: October 17, 2011
Filed: October 24, 2011

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Leon Nash appeals the district court's[1] denial of his motion to compel the government to seek a downward sentencing departure, supplemental motion to compel, and motion for discovery. We affirm.

Federal Rule of Criminal Procedure 35(b)(1) allows a court, upon the government's timely motion, to reduce a sentence when the defendant provides information that substantially assists the government in investigating or prosecuting

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

another person. Nash pled guilty, pursuant to a plea agreement, to conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846, all in violation of 18 U.S.C. § 371. In Nash's plea agreement, the government agreed to move for a downward departure in exchange for Nash cooperating in a case against Andre Sain and potentially others. The government did not move for a downward departure. Nash argues the government acted arbitrarily and hastily because he fulfilled his obligations under the plea agreement by providing useful information regarding Sain.

The district court denied Nash's motions, finding Nash failed to make a substantial showing that the government was motivated by an improper purpose. It found the government provided an acceptable reason, namely, the plea agreement cooperation was not limited to Sain, and Nash failed to cooperate fully when he provided information about a man named Carl Ross that conflicted with Nash's grand jury testimony.

After reviewing the district court's decision for abuse of discretion, see United States v. Davis, 583 F.3d 1081, 1098 (8th Cir. 2009), we conclude the district court applied the proper legal standard and did not clearly err in determining Nash failed to make a substantial threshold showing of either an unconstitutional motive by the government or no legitimate governmental reason for its decision. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (stating a district court abuses its discretion by basing its holding on "an erroneous view of the law or on a clearly erroneous assessment of the evidence"); see also Wade v. United States, 504 U.S. 181, 185-86 (1992) (explaining a district court may only compel the government to file a motion for a downward departure or allow discovery concerning the government's failure to do so if the defendant makes a substantial threshold showing "that the refusal was based on an unconstitutional motive" or "not rationally related to a legitimate" governmental purpose (footnote omitted)). The district court did not abuse its discretion, and we affirm.

_____

-2-